# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

THE OHIO CASUALTY INSURANCE
COMPANY,

        Plaintiff,

v.                                                    Case No:   6:25-cv-1905-CEM-LHP

CITORY SOLUTIONS, LLC, SCOTT
RISSER, NEIL KARHOFF, STEVE
CHMIELOWSKI and ALINA
CHMIELOWSKI,

        Defendants

_____

## ORDER

Before the Court are Plaintiff The Ohio Casualty Insurance Company's Motion for Entry of Final Default Judgment Against Defendant Alina Chmielowski and Motion for Entry of Final Default Judgment Against Defendant Steve Chmielowski.  Doc. Nos. 23, 24.  On review, and for the reasons that follow, the motions (Doc. Nos. 23, 24) will be **DENIED without prejudice** to renewal upon resolution of this matter against the remaining Defendants.

According to the complaint, Plaintiff issues construction bonds and stands as surety for selected contractors, and Defendant Citory Solutions, LLC was a

contractor who performed commercial construction work and sometimes required surety construction bonds.   Doc. No. 1 ¶¶ 9–11.   In exchange for issuance of certain bonds, Defendants all entered into an indemnity agreement with Plaintiff, agreeing to indemnify Plaintiff against all loss as a result of executing the construction bonds; Defendants failed to comply with their obligations thereunder, and Plaintiff seeks to hold Defendants jointly and severally liable for Plaintiff's losses incurred.   *See generally* Doc. No. 1.

Defendants Steve Chmielowski and Alina Chmielowski were served with the complaint, but did not timely appear or respond.   Accordingly, Clerk's default was entered against both on December 16, 2025.   *See* Doc. Nos. 11–16.   As to the remaining Defendants, however, Plaintiff has filed returns of non-service, *see* Doc. No. 19, and the service deadline as to the remaining Defendants has been extended through April 13, 2026.   *See* Doc. No. 22.   Now Plaintiff requests default judgment against Defendants Steve Chmielowski and Alina Chmielowski.   Doc. Nos. 23, 24.

In general, a court may enter a default judgment when the factual allegations of the operative complaint, which are assumed to be true, provide a sufficient legal basis for such entry.   *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975) ("The defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law.").   Therefore, in considering a motion for default judgment, a court must "examine the sufficiency of the allegations in the

complaint to determine whether the plaintiff is entitled to" a default judgment. *Fid. & Deposit Co. v. Williams*, 699 F. Supp. 897, 899 (N.D. Ga. 1988).

This general rule, however, has exceptions. "[I]n cases involving more than one defendant, a judgment . . . should not be entered against a defaulting party alleged to be jointly liable, until the matter has been adjudicated with regard to all defendants." *Nationwide Mut. Fire Ins. Co. v. Creation's Own Corp.*, No. 6:11-cv-1054-Orl-28DAB, 2011 WL 6752561, at *5 (M.D. Fla. Nov. 16, 2011) (citing *Frow v. De La Vega*, 82 U.S. 552 (1872)). The purpose behind this result is the prohibition against logically inconsistent judgments. *See Frow*, 82 U.S. at 554. The United States Court of Appeals for the Eleventh Circuit has also extended this prohibition against logically inconsistent judgments to other cases beyond those where liability is deemed to be joint. In this Circuit, it is "sound policy" that "when defendants are similarly situated, but not jointly liable, judgment should not be entered against a defaulting defendant if the other defendant prevails on the merits." *Gulf Coast Fans v. Midwest Elecs. Imp.*, 740 F.2d 1499, 1512 (11th Cir. 1984) (citation omitted).

The rationale of *Frow* and *Gulf Coast Fans* applies here. As set forth above, Plaintiff seeks to hold Defendants jointly and severally liable based on the indemnity agreement at issue. Thus, entering default judgments against Defendants Steve Chmielowski and Alina Chmielowski raises the possibility of inconsistent judgments should the remaining Defendants appear in this matter and

successfully defend against Plaintiff's claims.    Accordingly, the Court finds it appropriate to deny the motions for default judgment without prejudice to renewal after the case is resolved against Defendants Citory Solutions, LLC, Scott Risser, and Neil Karhoff.[1]

For these reasons, Plaintiff The Ohio Casualty Insurance Company's Motion for Entry of Final Default Judgment Against Defendant Alina Chmielowski and Motion for Entry of Final Default Judgment Against Defendant Steve Chmielowski (Doc. Nos. 23, 24) are **DENIED without prejudice.**    Plaintiff may renew the motions, as appropriate, within **twenty-one (21) days** of resolution of this matter against the remaining Defendants.[2]

**DONE** and **ORDERED** in Orlando, Florida on January 27, 2026.

_____
LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

---

[1] Plaintiff recognizes in its motions that it seeks to hold Defendants jointly liable, and requests that the Court reserve ruling on the motions should it determine that default judgment is not appropriate at this time.    *See* Doc. No. 23, at 8; Doc. No. 24, at 8.    Instead, however, the Court will simply require Plaintiff to renew the motions once the matter is resolved against the remaining Defendants.

[2] Of course, if Plaintiff also obtains Clerk's default against Defendants Citory Solutions, LLC, Scott Risser, and Neil Karhoff, Plaintiff may renew the requests for default judgment against Defendants Steve Chmielowski and Alina Chmielowski in conjunction with its request for default judgment against the remaining Defendants.

Copies furnished to:

Counsel of Record
Unrepresented Parties